(No. 4240–)

REV. VAL J. KLIMEK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1952.*

PIERRE N. THOMEY AND ROBERT MAGILL, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Rev. Val J. Klimek, was employed by the State of Illinois at the Illinois State Training School for Boys at St. Charles as a counselor and Catholic Chaplain, and was so employed for the period of approximately June 1, 1948 to the middle of March, 1949. He was paid a salary of $250.00 per month, from which a deduction was made for board, room and laundry. In addition, he was furnished an apartment, consisting of five rooms, located on the third floor of the school building. An additional element of the contract was that claimant was to be provided with someone to clean up his apartment each day. This service was provided by the State designating an inmate, Harry Wanders, who was in need of psychiatric therapy.

While the claimant was so stationed at St. Charles, he also was attending classes at Loyola University in Chicago on Monday and Saturday of each week, with the consent of the Superintendent of the Institution.

On the morning of February 14, 1949, claimant read Mass at 8:00 A.M. with Harry Wanders as an altar boy. Claimant had breakfast, and Wanders commenced his duties with respect to cleaning up the apartment. Claimant left Wanders in his apartment washing dishes, and told him to stay and finish the work when he left for his classes at Loyola at approximately 9:30 A.M. on said date. It was a rule of the Institution that these boys were not to be left alone.

During the morning of February 14, 1949 at approximately 11:00 to 11:30 A.M. the switchboard operator noticed there was something wrong with the telephone in claimant's apartment, but nothing was done at that time toward an investigation. A fire was discovered in the building, and in the apartment at approximately 1:15 P.M. It was not extinguished until 7:00 P.M., and considerable damage was done to the building and contents. Damages to the building amounted to $150,000.00, and contents to $21,000.00, excluding claimant's personal property.

An investigation was held as to the cause of the fire, but the cause was not definitely established.

The record consists of the complaint, motion of respondent to dismiss, notice to call up motion to dismiss, Departmental Report, transcript of evidence, claimant's abstract of evidence and argument, respondent's abstract of evidence, and respondent's statement, brief and argument.

At the beginning of his argument, counsel for claimant states that the Court ruled on the pleadings

that the doctrine of res ipsa loquitur applied. The respondent is correct in that the ruling of the Court on a motion to dismiss the complaint was simply that the complaint was sufficient to allege a cause of action.

We do not feel that the doctrine of res ipsa loquitur applies, and, claimant, having failed to prove any negligence on the part of the State of Illinois, will be denied an award. It becomes unnecessary to discuss any other questions.